IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY C. PORTSCHE, ) | |
| ) | |
| Plaintiff, ) | 4:06cv3193 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| MARY DOYLE, ) | |
| Lancaster County Court Judge, ) | |
| ) | |
| Defendant. ) | |

On the eve of a hearing in a pending criminal prosecution in the County Court of Lancaster County, Nebraska, the plaintiff in the above-entitled action, Randy C. Portsche, filed a Motion for Temporary Restraining Order and/or Preliminary Injuction and/or Interlocutory Injunction in this court against the County Judge presiding in the state proceedings.  The plaintiff, who is the defendant in the state criminal case, asserts civil rights claims pursuant to 42 U.S.C. § 1983, asking this court to enjoin the pending criminal prosecution in the County Court because of defects in the discovery procedures in the County Court proceedings.

I denied the plaintiff's Motion for Leave to Proceed In Forma Pauperis, and I questioned this court's subject matter jurisdiction. I also denied the plaintiff's motion for injunctive relief.  At this time, I dismiss the plaintiff's action without prejudice based on the principles of Younger abstention – see Younger v. Harris, 401 U.S. 37 (1971).[1]

---

[1]Under Younger v. Harris, 401 U.S. 37 (1971), and progeny, federal district courts may refrain, based on interests of comity and federalism, from hearing a case that would interfere with a pending state criminal proceeding or with certain types of state civil proceedings.  See generally Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716-17 (1996) (listing examples of circumstances in which a federal district court may appropriately

First, a federal district court cannot intervene in the plaintiff's ongoing criminal proceedings in a state court to determine the validity of the proceedings, to change the charge against the plaintiff, or to grant injunctive relief. Under principles of comity and federalism, a federal court may not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971).[2]

The kinds of "special circumstances" which can create an exception to the Younger doctrine are not present in this case. The exception requires a showing of the state's bad faith or harassment, or a showing that a state statute challenged by the plaintiff flagrantly and patently violates express constitutional prohibitions, i.e., the criminal statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied. Id. at 46, 53-54. See also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994), *citing* Younger v. Harris, 401 U.S. 37 (1971):

> In Younger, the Supreme Court held that a combination of federal-state comity, federalism, and the limited role for courts of equity "ordinarily require federal courts to abstain from enjoining pending state criminal proceedings." .... Younger abstention is appropriate if three criteria are met: (1) state judicial proceedings must be ongoing; (2) the state proceedings must implicate an important state interest; and (3) the state proceedings must offer an adequate opportunity to litigate federal constitutional issues .... If these three criteria are met, the district court must dismiss the action.

---

abstain from exercising its jurisdiction).

[2]Case law indicates that abstention may be raised by the court sua sponte. See, e.g., Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) ("Indeed, it would appear that abstention may be raised by the court sua sponte"); Robinson v. City of Omaha, 866 F.2d 1042, 1043 (8th Cir. 1989) ("this court may raise the issue of the appropriateness of abstention sua sponte"); Edwards v. Arkansas Power & Light Co., 683 F.2d 1149, 1156 n.9 (8th Cir. 1982).

2

(Internal citations omitted.) Accord Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) ("The district court properly dismissed Rogers's claims for equitable relief because federal equitable relief would have been inappropriate. 'The federal courts should not interfere in state criminal court proceedings when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity.'"). Because the plaintiff is involved in ongoing state criminal proceedings and because he has not presented facts which would require this court to intervene, abstention under the principles of Younger v. Harris, 401 U.S. 37 (1971), is appropriate.

Second, challenges to the plaintiff's criminal prosecution may be raised in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254.[3] However, before the plaintiff files a petition pursuant to § 2241 in this court, he must first exhaust his remedies in the state courts. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction). The courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction in a suit under 28 U.S.C. § 2241 until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. Id. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. Id. at 493.

---

[3] 28 U.S.C. § 2241(c) permits a federal district court to entertain an application for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced, whereas 28 U.S.C. § 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court" and, thus, applies only after conviction.

3

For the foregoing reasons, the plaintiff's complaint and this litigation will be dismissed. Because the plaintiff is involved in ongoing state criminal proceedings and because he has not presented facts which would require this court to intervene, abstention under the principles of Younger v. Harris, 401 U.S. 37 (1971), is appropriate.

IT IS THEREFORE ORDERED:

1.  That the plaintiff's complaint and this action are dismissed without prejudice; and

2.  That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of August, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge